## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHEFERAW MENGESHA | ) | |
| 3500 14th St., N.W. | ) | |
| Apt. # 322 | ) | |
| Washington, D.C. 20010 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. |
| v. | ) | |
| | ) | |
| FRANKLIN PARKING, LLC | ) | |
| 1810 Edwin St., N.E. | ) | |
| Washington, D.C. 20018 | ) | |
| | ) | |
| Defendant. | ) | |

### Complaint

1. Plaintiff, Sheferaw Mengesha, brings this action under the Fair Labor Standards Act
   ("FLSA"), 29 U.S.C. § 201, *et seq.* and the District of Columbia Minimum Wage Act
   Revision Act ("MWARA"), D.C. Code § 32-1001, *et seq.* against his former employer,
   Franklin Parking, LLC. Through this action, Mr. Mengesha seeks unpaid minimum and
   overtime wages, liquidated damages, reasonable attorney's fees, litigation costs, and
   prejudgment interest.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Mr. Mengesha's FLSA claims pursuant to 28
   U.S.C. § 1331 and supplemental jurisdiction over Mr. Mengesha's MWARA claim pursuant
   to 28 U.S.C. § 1367. Additionally, this Court has jurisdiction over Mr. Mengesha's FLSA
   claim pursuant to 29 U.S.C. § 216(b).

1

3.  Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because the Defendant resides and operates within the District of Columbia and the events and omissions giving rise to the claims occurred within the District of Columbia.

### The Parties

4.  Mr. Mengesha is a resident of the District of Columbia.

5.  Defendant, Franklin Parking, LLC is a limited liability company doing business in the District of Columbia.

6.  Defendant operates parking lots throughout the District of Columbia, with offices at 1810 Edwin St. N.E., Washington, D.C. 20018.

### Factual Allegations

7.  Mr. Mengesha worked for the Defendant from approximately March 16, 2012 to approximately April 15, 2013.

8.  Throughout his employment with the Defendant, Mr. Mengesha engaged in various activities as a cashier and parking lot attendant, including accepting payment, providing customers with tickets, valet parking, and moving vehicles to other lots owned by the Defendant.

9.  Mr. Mengesha was an employee of the Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and D.C. Code § 32-1002(1) because he was permitted to work by the Defendant and received payment for his work.

10. Mr. Mengesha was employed in the District of Columbia pursuant to D.C. Code § 32-1003(b) because more than 50% of his working time was regularly spent within the District of Columbia.

11. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and D.C. Code § 32-1002(3) because Defendant provided work schedules, payment, and instructions to Mr. Mengesha in order to serve the Defendant's interests as a business.

12. During Mr. Mengesha's employment with the Defendant, he regularly engaged in interstate commerce pursuant to the FLSA, 29 U.S.C. §§ 203(b), 207(a), because he regularly facilitated travel for out-of-state commuters, tourists, and other travelers by regularly parking and retrieving out-of-state vehicles that were temporarily parked in the Defendant's facilities. In addition, he regularly accepted payment from out-of-state commuters, tourists, and other travelers temporarily visiting the District of Columbia.

13. The Defendant is an enterprise engaged in commerce pursuant to 29 U.S.C. § 203(r), (s) because it has employees engaged in commerce and, on information and belief, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

14. From approximately March 16, 2012 through September 16, 2012, the Defendant paid Mr. Mengesha at the rate of $7.00 an hour.

15. From approximately September 17, 2012 through April 15, 2013, the Defendant paid Mr. Mengesha at the rate of $7.50 an hour.

16. The minimum wage in the District of Columbia during Mr. Mengesha's employment with the Defendant was $8.25 an hour.

17. The federal minimum wage during Mr. Mengesha's employment with the Defendant was $7.25 an hour.

18. Several times throughout his employment with the Defendant, Mr. Mengesha worked in excess of 40 hours a week.

19. During the many occasions that Mr. Mengesha worked more than 40 hours per workweek, the Defendant failed to provide him the legally required overtime premium.

## First Claim

### (Violation of Fair Labor Standards Act, Overtime)

20. Plaintiff incorporates paragraphs 1-19 herein in their entirety.

21. 29 U.S.C. § 207(a) and 29 C.F.R. § 778.5 required the Defendant to pay Mr. Mengesha at least one and one-half times the District of Columbia minimum wage of $8.25 an hour for work in excess of 40 hours per workweek.

22. The Defendant never provided the overtime premium to Mr. Mengesha for the hours he worked in excess of 40 hours per week in violation of the FLSA.

23. Therefore, the Defendant violated 29 U.S.C. § 207(a) during Mr. Mengesha's employment.

## Second Claim

### (Violation of the Fair Labor Standards Act, Minimum Wage)

24. Plaintiff incorporates paragraphs 1-19 herein in their entirety.

25. The Defendant violated 29 U.S.C. § 206(a), which provides that the federal minimum wage for employees engaged in commerce shall be $7.25.

26. Mr. Mengesha regularly engaged in commerce while employed by the Defendant.

27. The Defendant failed to pay Mr. Mengesha at least $7.25 an hour from approximately March 16, 2012, through September 16, 2012.

28. Therefore, the Defendant violated 29 U.S.C. § 206(a) during Mr. Mengesha's employment.

### Third Claim

### (Violation of the D.C Minimum Wage Revision Act)

29. Plaintiff incorporates paragraphs 1-19 herein in their entirety.

30. By failing to pay Mr. Mengesha at least $8.25 an hour, the Defendant violated D.C. Code §
    32-1003(2), which provides that, "as of January 1, 2006, the minimum wage required to be
    paid to any employee by any employer in the District of Columbia shall be $7.00 an hour, or
    the minimum wage set by the United States government pursuant to the Fair Labor Standards
    Act, plus $1.00, whichever is greater."

31. The minimum wage set by the FLSA was $7.25 during Mr. Mengesha's employment with
    the Defendant, making the minimum wage in the District of Columbia $8.25 per hour.

32. Therefore, the Defendant violated the District of Columbia minimum wage law, D.C. Code §
    32-1012(a), for the entirety of his employment with the Defendant.

### Prayer for Relief

Wherefore, Plaintiff respectfully requests that this Court grant relief as follows:

1. Declare that the Defendant violated:

   a. 29 U.S.C. § 207(a)

   b. 29 U.S.C. § 206(a)

   c. D.C. Code § 32-1003(2)

2. Award Mr. Mengesha the following:

   a. His unpaid minimum wages pursuant to 29 U.S.C. § 216(b) in an amount to be
      proven at trial;

   b. His unpaid minimum wages pursuant to D.C. Code § 32-1012(a) in an amount to be
      proven at trial;

     c.  His unpaid overtime premiums pursuant to 29 U.S.C. § 216(b) in an amount to be

         proven at trial;

     d.  Liquidated damages pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(a).

3.  Award Mr. Mengesha prejudgment interest.

4.  Award Mr. Mengesha reasonable attorney's fees and costs of this action pursuant to 29

    U.S.C. § 216(b) and D.C. Code § 32-1012(c).

5.  Award Mr. Mengesha other relief as this Court deems necessary and proper.


Dated: January 31, 2014


                                 Respectfully submitted,


                                 _____

                                 Jeffrey S. Gutman (D.C. Bar # 416954)

                                 Professor of Clinical Law

                                 James V. King, III (D.C. Sup. Ct. # 13508)

                                 Abigail K. Marciniak (D.C. Sup. Ct. # 13491)

                                 Student Advocates

                                 George Washington University Law School

                                 Public Justice Advocacy Clinic

                                 2000 G St., N.W.

                                 Washington, D.C. 20052

                                 (202) 994-5797 (tel)

                                 (202) 994-4946 (fax)

                                 jgutman@law.gwu.edu (e-mail)